The Northwestern National Life Ins. Co. v. Alta Irwin et al.

1. INSURANCE—*Application a Part of the Contract.*—Where an applicant for insurance signs two papers for the purpose of procuring a policy of insurance, and thereupon the policy is executed and delivered to him, the three papers, all considered and construed together, constitute the contract.

2. WORDS AND PHRASES—*Mining Defined.*—Mining is defined to be, "The act or business of making mines or of working them." Webster's International Dicionary.

Assumpsit, upon contract of insurance. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the August term, 1902. Reversed. Opinion filed September 11, 1902.

BROWN & KERR and W. F. SCOTT, attorneys for appellant.

LEWIS & SOMERS, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Saline County, by appellees against appellant, to recover upon an insurance contract. The beneficiaries are all infants

and bring the suit by their legal guardian. A jury was waived. Trial by the court by agreement. Findings and judgment in favor of appellees for $1,039.50.

The case was submitted to the court for trial upon an agreed statement of facts as follows:

" AGREED STATEMENT OF FACTS.

STATE OF ILLINOIS,. ) ss.
County of Saline, ) ss.

In the Circuit Court, at the April Term, A. D. 1902.

ALTA IRWIN ET AL.     )
          vs.          } Assumpsit.
N. W. NAT. LIFE INS. CO. )

It is hereby stipulated and agreed by and between the parties to this suit that on the 6th day of May, 1901, Joseph A. Irwin, by the name and abbreviation of J. A. Irwin, made application to the defendant, Northwestern National Life Insurance Company of Minneapolis, Minnesota, and contemporaneously signed, executed and delivered to T. W. Grisham, then soliciting agent of the defendant, the two papers hereto annexed marked 'Exhibit A' and 'Exhibit B' to be by said agent forwarded to the defendant company for the purpose of procuring a policy of insurance from said company, and that on the 7th day of May, 1901, the said Joseph A. Irwin appeared before Dr. J. R. Baker, of Harrisburg, Illinois, who was then the examining physician of the defendant, and was then and there examined by the said J. R. Baker as appears by the second part of 'Exhibit A,' and on the said 7th day of May, 1901, the said papers marked 'Exhibit A' and 'Exhibit B' were delivered to the said T. W. Grisham, agent as aforesaid, to be by him forwarded to the defendant company, and on the day last aforesaid said papers marked 'Exhibit A' and 'Exhibit B' were by regular course of mail forwarded to the defendant company at Minneapolis, Minnesota, together with the letter hereto annexed marked 'Exhibit C,' and that said 'Exhibit A,' 'Exhibit B' and 'Exhibit C' were received by the defendant at Minneapolis aforesaid in due course of mail, and on the 10th day of May, 1901, the defendant company issued and mailed to the said T. W. Grisham, agent as aforesaid, the paper hereto annexed marked 'Exhibit D' to be by said agent delivered to the said Joseph A. Irwin, and the same was so delivered within a reasonable time after its receipt by said agent, and the first annual premium paid as shown by receipt marked 'Exhibit E.'

And it is further stipulated and agreed that on the 29th day of June, 1901, said policy being in force, the said Joseph A. Irwin was killed in the following manner, that is to say: on or about the 12th day of May, 1901, he was employed with a crew of hands to assist in sinking a coal shaft for the purpose of opening a coal mine for the Saline County Coal Company, for which services he received as wages twenty-five cents per hour, and he continued in said employment until the time of his death: that said shaft was sunk through dirt about fifty feet from the surface down, and this part of the shaft, which was about nineteen by eight feet, was cased up with timber to prevent the dirt from falling in, and to prevent this casing from falling in or being pushed in by the exterior pressure of the dirt, there were braces or pieces of timber about eight feet long and fastened at the ends to the casing, which braces were far enough apart to allow the rock car to pass up between them when properly managed; and that below this fifty feet of dirt and casing, the shaft was sunk through solid rock; and that on the 29th day of June, 1901, the said Joseph A. Irwin and others who were then and there working with him in said shaft, had blasted up a lot of rock and loaded them into what was called a rock car, and said loaded car was being raised to the surface by a hoisting engine, when by some means the said rock car struck against one of said braces in said shaft, tore it loose from the casing, and it fell upon the said Joseph A. Irwin and killed him, who was then in the bottom of said shaft, which was about eighty feet deep.

And it is further stipulated and agreed that said coal company continued to sink said shaft until they afterward struck coal at a depth of 130 feet, and now have a regularly equipped coal mine in operation, and raise all the coal mined therefrom through the shaft in which said Joseph A. Irwin was killed, as above stated.

And it is further stipulated and agreed that the plaintiffs are the sole and only children of the said Joseph A. Irwin, who are all minors, and that A. W. Lewis is their regularly appointed and qualified guardian, and that after the death of the said Joseph A. Irwin the said A. W. Lewis, as such guardian, furnished to the defendant company proofs of the death of the said Joseph A. Irwin, and that the same were accepted by the defendant, on August 30, 1901, as satisfactory; and that after said proofs were so furnished, and before the commencement of this suit, to wit, on the 13th

day of November, 1901, the defendant tendered to the said A. W. Lewis, as such guardian, the sum of $1,000 in gold coin of the United States, in full satisfaction and payment of the amount due under the contract of insurance on which this suit is based, and the same was refused by the said A. W. Lewis, and that on the 17th day of April, 1902, and during this present term of this court, the defendant paid said sum of money in coin, as aforesaid, as a tender into this court, and took a receipt therefor in words and figures following:

'$1,000.00.          HARRISBURG, ILL., April 19, 1902.

Received of the Northwestern National Life Insurance Company of Minneapolis, Minnesota, $1,000.00 in gold coin of the United States, as a tender of the defendant to the plaintiffs in the case of Alta Irwin et al. vs. The Northwestern National Life Insurance Company; the money being paid into court by W. F. Scott, attorney for the defendant.

ED. M. STRICKLIN,
Clerk of Circuit Court.'

And that on the same day said money was paid into court it was received by the said A. W. Lewis, guardian as aforesaid, and his receipt for the same given to the clerk of this court, in the words and figures following:

' STATE OF ILLINOIS, ⎱ ss.
County of   Saline. ⎰

In the Circuit Court, of the April term, A. D. 1902.

ALTA IRWIN ET AL.
vs.                                          ⎫
THE NORTHWESTERN NATIONAL LIFE  ⎬ Assumpsit.
       INSURANCE COMPANY.                 ⎭

Received of Ed. M. Stricklin, clerk of said court, one thousand dollars ($1,000.00), the same being the defendant's tender in the above styled cause, this 17th day of April, 1902.          A. W. LEWIS, Guardian of Plaintiffs.

LEWIS & SOMERS, Attorneys for Plaintiffs.   W. F. SCOTT, Attorney for Defendant.

Filed April 29, 1902.    ED. M. STRICKLIN, Circuit Clerk.'

'Exhibit A.'   7.   Occupation of applicant.   Give fully. Ans.   Coal miner and farmer.   Date of application, May 7, 1901.   (Signed) Joseph A. Irwin.

'Exhibit B.'   Special conditions.   For hazardous occupations.   Whereas, Joseph A. Irwin, of the county of Saline, State of Illinois, has applied to the Northwestern National Life Insurance Company of Minneapolis, Minn., for a policy of insurance upon his life; and whereas, Joseph A.

Irwin is engaged in the occupation of coal mining, which said occupation is denominated hazardous by said company, and said company is unwilling to assume full liability under the policy applied for by him for death or disability occasioned wholly or in part by such hazardous occupation; now, therefore, I, the said J. A. Irwin, in consideration of the issuance of a policy of insurance upon my life by the said Northwestern National Life Insurance Company, do hereby agree that in case of my death or disability, occasioned wholly or in part by reason of said hazardous occupation, whereby a claim may arise under said policy, then and in that case said Northwestern National Life Insurance Company shall not in any event be held liable to pay me or my beneficiary more than fifty per cent of the amount named in said policy, and the payment of said fifty per cent by said company shall be a full and complete performance by said company of the requirements and conditions of said policy.

I, ———, the beneficiary named in said policy, do hereby fully ratify and approve the issuance of said policy upon the above and foregoing conditions, which I hereby accept as binding upon me.

Dated at Ledford, Ill., May 6, 1901.

Beneficiary.

Signed in the presence of T. W. Grisham, agent. J. A. Irwin, applicant. Beneficiaries are all small children.

'Exhibit C.' THE NORTHWESTERN LIFE ASSOCIATION,
322 & 324 Hennepin Ave.

Dr. J. F. Force, Pres. James Quirk, Treas.
Wallace Campbell, Vice-Pres. C. E. Force, Sec'y.

AGENCY AT HARRISBURG, ILL., 5–7, 1901.

*Northwestern National Life Ins. Co., Minneapolis, Minn.*

GENTLEMEN: Find enclosed application of Joseph F. Irwin. Mr. Irwin is a miner and farmer, working on the farm in summer and mine in winter. He is a good risk and a very careful man. See special conditions. Send me his policy within ten days, because the A. O. U. W. is wanting him to insure in that order.

Yours truly,
T. W. GRISHAM.

P. S. Find enclosed draft for $30.41, balance on last month's business. Please send receipt.

T. W. GRISHAM.

'Exhibit D.' Fifteen year equation policy. Policy No. 47.445. Amount $2,000. The Northwestern National Life Insurance Company of Minneapolis, Minn. Age thirty. Premium annually $38.32. In consideration of the application for this policy, which is made a part hereof, and the first payment thereunder made to this company on or before the delivery hereof, and the further payments as provided herein and indorsed hereon, during the continuance of this policy covenants and agrees with Joseph A. Irwin, who is constituted a member of this company during the continuance of this policy, and who is hereafter designated as insured, to pay to the children of the insured hereinafter designated as beneficiary, and in case of the beneficiary's prior death (no other beneficiary having been designated by the insured) to the insured's executors, administrators or assigns, $2,000 within ninety days after acceptance at its home office of satisfactory proofs of the death of the said insured. If, after the date hereof, and while this contract is in full force, said insured shall become totally and permanently disabled,.there shall be paid to him if he shall so request in writing, and upon satisfactory surrender and cancellation of this contract, one-half the amount thereof. No disability of any nature except as herein defined, shall entitle the said insured to any sum whatever, and the fact of total disability, as defined above, shall be determined as provided in the conditions indorsed hereon.

The conditions, provisions and benefits indorsed hereon form an essential part of this contract as fully as if they were recited at length over the signatures of the parties hereto.

In witness whereof, the Northwestern National Life Insurance Company of Minneapolis, Minn., has, by its president and secretary, signed this contract in the city of Minneapolis, State of Minnesota, this tenth day of May, 1901. (I. R. stamp $1.60.) (Corporate seal.) W. F. Bechtel, president. Edw. M. Stickney, a secretary.

'Exhibit E.' Northwestern National Life Insurance Company, Minneapolis, Minn., May 10, 1901. Received of Joseph A. Irwin, thirty-eight and thirty-two hundredths dollars, being the first annual premium on policy No. 47,445 in the Northwestern National Life Insurance Company, for the term ending May 10, 1902. G. F. Getty, secretary. Per S. B."

Much space in the record and briefs of counsel is devoted to questions raised and rulings of the court thereon as to

certain special pleas filed by appellant, but as we view the case, the rulings of the trial court as to these pleas are not now of controlling importance and need not be discussed.

To our minds, when this case was submitted to the trial court, it presented for determination but two questions—one as to whether " Exhibit B," shown in the stipulation, is a part of the contract of insurance entered into by and between the parties—the other, as to whether the death of the assured was occasioned by reason of his being engaged in the hazardous occupation of coal mining mentioned in said exhibit. The first of these questions is one of law, the second is one of fact.

The stipulation recites that the assured contemporaneously signed, executed and delivered the two papers " Exhibit A " and " Exhibit B," for the purpose of procuring a policy of insurance from appellant; and that thereupon " Exhibit D," the policy upon which this suit is based, was executed and delivered to the assured. These three papers all considered and construed together, constitute the contract. This being true, it follows that if the assured's death was occasioned by reason of his being engaged in the hazardous occupation of coal mining, then appellant was liable, under its contract, for only the sum of $1,000.

As to the assured's occupation at the time of his death and the cause of his death, the stipulation recites that assured was engaged with a crew of hands in sinking a coal shaft for the purpose of opening a coal mine; that the shaft had reached a depth of eighty feet and assured was at work at the bottom, when a rock car, while being hoisted, struck against a brace timber, tearing it loose and causing it to fall to the bottom of the shaft, upon the assured, whereby he was killed.

There is no better definition of the word " mining," as that word is used in " Exhibit B " in this case, than that given in Webster's International Dictionary, edition of 1898. Mining is there defined to be, " The act or business of making mines or of working them." The assured was at the time and on the occasion of receiving the injury caus-

ing his death, engaged in the act of making a mine from which coal was to be taken, was engaged in the hazardous occupation of coal mining, and his death was occasioned by reason of his being at that time so engaged.

Under the contract and facts as shown by the stipulation, appellant was liable to appellees for the sum of $1,000 and no more.  The stipulation discloses such facts as to the tender and final acceptance of it, as to bar appellees from any right to recover interest, and the payment and acceptance of the amount due, before the case came on for trial, left appellees with nothing upon which to base a judgment in their favor.  The judgment should have been in favor of appellant.

The judgment of the Circuit Court is reversed.